THE RUTGERS CHAPTER OF THE DELTA UPSILON FRA-
TERNITY, A BODY CORPORATE, PROSECUTOR, v. CITY
OF NEW BRUNSWICK, A MUNICIPAL CORPORATION,
JOHN L. SNITZLER AND THE TAX INVESTMENT COR-
PORATION OF NEW JERSEY, DEFENDANTS.

Argued May 6, 1942—Decided November 20, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *John B. Molineux.*

For the defendants City of New Brunswick and John L. Snitzler, *Paul W. Ewing (William D. Danberry,* of counsel).

The opinion of the court was delivered by

HEHER, J.   The question for decision is the validity of assessments for taxes for the years 1937 to 1941, inclusive, laid upon real and personal property of prosecutor, and a sale of its lands for taxes levied for the year 1939 and the certificate of sale issued pursuant thereto.   Prosecutor is a "Greek Letter Society" organized on November 22d, 1887, under the provisions of chapter 111 of the laws of 1878 (*Pamph. L., p.* 175); and it claims an exemption from taxation for the years 1937 and 1938 under chapter 46 of the laws of 1936 (*Pamph. L., p.* 129), and for the years 1939, 1940 and 1941 by virtue of *R. S.* 1937, 54:4-3.26.

There was a voluntary payment of the taxes thus laid for the years 1937 and 1938; and considerations of sound public policy direct that the taxpayer shall be thereby precluded from assailing the assessments with a view to recovery of the taxes levied and paid.   The municipality was warranted in assuming that the payment of the taxes constituted a recognition of the validity of the assessments, and to proceed on that hypothesis in the preparation of its budget for the ensuing year, and thereafter.   To permit the taxpayer now to take the contrary course would run counter to sound principles of municipal economy and disserve the public interest. When the assessments were made, it was incumbent upon prosecutor, if it deemed the assessed property to be within the exempt category as defined in the act of 1936, *supra,* to invoke the procedure laid down in the law for the obtaining of relief in such circumstances.   This it did not do.   *E contra,* by the payment of the tax it conceded the non-existence of

grounds for exemption, or waived the right if it existed, and it will not now be heard to claim an exemption. *Vide Campion* v. *City of Elizabeth*, 41 *N. J. L.* 355; *Davenport* v. *City of Elizabeth*, 41 *Id.* 362; *Fuller* v. *Elizabeth*, 42 *Id.* 427; *Norris* v. *Elizabeth*, 51 *Id.* 485; *Camden* v. *Green*, 54 *Id.* 591. The case of *St. Mary's Church* v. *Gloucester*, 123 *Id.* 6, is not in point. There, the court was "not asked to do more than judicially declare what the parties" had "in effect stipulated, viz., that the assessments never had any validity because of the exemption." Here, exemption was not claimed until long after the taxes had been paid, and its validity was challenged by the municipality from the outset. This is not the case of a tax utterly void on its face, but rather of a failure to assert within the allotted time, and by the ordained mode, a right of exemption from a general property tax granted in special circumstances.

The existence of grounds for exemption is a mixed question of law and fact. For obvious reasons, exemptions from taxation are not favored, and so are strictly construed. Such renunciation of sovereignty is sustainable only on grounds of public policy, *i. e.*, the service of an interest fundamentally public and not private. Exemptions not so grounded place an unequal and unjustifiable burden upon property taxed for the operation of government in the common interest. Apart from the criteria laid down in the statute, unless the exemption is founded on a *"quid pro quo* for the performance of a service essentially public, and which the state thereby is relieved *pro tanto* from the necessity of performing," it constitutes a "gift of public funds at the expense of the taxpayer," and is "indefensible both under our public policy of equal taxation and our constitutional safeguard against illegal taxation." *Carteret Academy* v. *State Board of Taxes and Assessment*, 102 *N. J. L.* 525; *affirmed*, 104 *Id.* 165. Equality is the basic principle of taxation, and a valid exemption therefrom must needs serve the common interest in substantial particulars. *Dwight School* v. *State Board of Tax Appeals*, 114 *Id.* 594; *affirmed*, 117 *Id.* 113. To the same effect is *City of Camden* v. *Camden County Board of Taxation*, 121

*Id.* 262; *affirmed,* 122 *Id.* 381. But for another and dispositive reason to be presently stated, there is no occasion to determine whether this particular property falls into the statutory category.

Invoking the case of *Alpha Rho Alumni Association* v. *New Brunswick,* 126 *N. J. L.* 233; *affirmed,* 127 *Id.* 232, prosecutor challenges the constitutionality of the provision of *section* 54:4-3.26 of the Revision of 1937 that nothing therein contained "shall be construed to permit the exemption of property owned directly or indirectly, or for the benefit of, organizations commonly known and designated as college clubs, or college lodges, or college fraternities." The basic statute exempts from taxation all property "used in the work or for the purposes" of "fraternal organizations or lodges, or any association or society organized on the lodge plan, or affiliated associations, whether incorporated or unincorporated," under certain circumstances. The case is not in point. There, the court dealt with an assessment made before the enactment of the Revision of 1937; and it was held that chapter 170 of the laws of 1937 (*Pamph. L., p.* 412), purporting to incorporate by amendment the like provision into chapter 46 of the laws of 1936, *supra* (the primary statute), was an "attempt * * * to impose a tax by classification of ownership and not of use," and therefore violative of the "constitutional mandate that all laws for the taxation of property shall be general." Here, the remaining assessments were imposed under the cited provision of the Revision of 1937; and the taint of unconstitutionality thus arising invalidates the section in its entirety.

The question is one of construction and of legislative intent. Unless this section be viewed as a unitary whole, its terms interdependent and indivisible in substance, the plainly expressed legislative intention will be frustrated. The provision excluding college fraternities from the exempt class restrains the substantive enacting clause, and is therefore an integral part of the section. It is revelatory of the legislative purpose; and, if it be disregarded, the section will be accorded a meaning at variance with the essence of the intention of the law-

making body. This qualifying clause is a proviso or exception definitive of the scope of the exemption granted by the section, and the provisions are therefore inseparable. While a departure from its original technical significance, it is now deemed to be the office of a proviso to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extent. *Minis* v. *United States,* 15 *Peters* 423, 445; 10 *L. Ed.* 791.

The rule is that where the excepting proviso of an enactment is found unconstitutional, the substantive provisions which it qualifies cannot stand. *Frost* v. *Corporation Commission,* 278 *U. S.* 515; 49 *S. Ct.* 235; 73 *L. Ed.* 483; *Davis* v. *Wallace,* 257 *U. S.* 478; 42 *S. Ct.* 164; 66 *L. Ed.* 325; *Connolly* v. *Union Sewer Pipe Co.,* 184 *U. S.* 540; 22 *S. Ct.* 431; 46 *L. Ed.* 679. In such circumstances, the provisions are interwoven and indissoluble in substance. The enacting clause stripped of the limitation is not the legislative expression. This would constitute a construction and effect different from that designed by the legislature. It would serve to render a limited provision general. To hold that the proviso here is distinct and severable from the underlying general enactment, and so does not vitiate it, would be to concede an exemption to such college fraternities in defiance of the declared legislative will. It would read into the statute an exemption expressly withheld—a palpable usurpation of the legislative function. *Vide Johnson* v. *State,* 59 *N. J. L.* 271. *McCran* v. *Ocean Grove,* 96 *Id.* 158. Analogous cases are *Spraigue, Soullee & Co.* v. *Thompson,* 118 *U. S.* 90; 6 *S. Ct.* 988; 30 *L. Ed.* 115, and *Mathews* v. *People,* 202 *Ill.* 389; 67 *N. E. Rep.* 28.

If the enforcement of a statute with a constitutionally vicious provision eliminated "would cause results not contemplated or desired by the legislature, then the entire statute must be held inoperative." *Connolly* v. *Union Sewer Pipe Co., supra.* To do otherwise would be to write a new law rather than to give effect to the enactment as written. A provision that is unconstitutional, and therefore ineffective

as law, is yet to be regarded on the question of the intention of the lawmaker. *Attorney-General* v. *Anglesea*, 58 *N. J. L.* 372. In *McNeal* v. *Dombaugh*, 20 *Ohio St.* 167, 174, it was contended that a statute containing an unconstitutional proviso should be construed as if the remainder stood alone; and, in dismissing it, the court said: "This would be to mutilate the section, and garble its meaning. The legislative intention must not be confounded with their power to carry that intention into effect. To refuse to give force and vitality to a provision of the law is one thing, and to refuse to read it is a very different thing. It is by a mere figure of speech that we say an unconstitutional provision of a statute is stricken out. For all the purposes of construction it is to be regarded as part of the act. The meaning of the legislature must be gathered from all they have said, as well from that which is ineffective for want of power as from that which is authorized by law." And in *Davis* v. *Wallace, supra*, Mr. Justice Van Devanter declared: "Here the excepting provision was in the statute when it was enacted, and there can be no doubt that the legislature intended that the meaning of the other provisions should be taken as restricted accordingly. Only with that restricted meaning did they receive the legislative sanction which was essential to make them part of the statute law of the state; and no other authority is competent to give them a larger application."

The particular intent expressed in a proviso or exception will restrain the general language of the enactment. Ordinarily, the clause coming last in the act is deemed to give voice to the last intention of the law-maker. *Pierson* v. *Cady*, 84 *N. J. L.* 54. It is the established rule that if a proviso in a statute be directly contrary to the purview, the proviso is good, and not the purview, since the former gives expression to the later intention of the legislature. *Townsend* v. *Brown*, 24 *Id.* 80; *Clark Thread Co.* v. *Kearny*, 55 *Id.* 50; *Gerstung* v. *Sauer*, 82 *Id.* 68.

Prosecutor cites *section* 1:1-4 of the Revision of 1937, directing that the provisions of the Revision not inconsistent with pre-existing laws "be construed as a continuation of such

laws;" *section* 1:1-5, declaring that "no implication or presumption of a legislative construction is to be drawn" from the classification and arrangement of the several sections of the Revision; section 1:1-10, saving severable valid provisions of a section partially invalid; and as well the canon of construction that no change of substance is effected by a revision of pre-existing laws unless the design so to do is clearly manifested. The course of the argument is that it is "the necessary result of the decision in *Alpha Rho Alumni Association* v. *New Brunswick, supra,* that the second paragraph of *R. S.* 54:4-3.26 is likewise unconstitutional;" that in virtue of the rules adverted to, "no inference can be drawn as to the intent of the legislature in combining into one statutory section (*R. S.* 54:4-3.26) the provisions of chapter 46 of the laws of 1936 and chapter 170 of the laws of 1937;" that "inasmuch as the unconstitutionality of chapter 170 of the laws of 1937 leaves chapter 46 of the laws of 1936 unaffected, so the unconstitutionality of part of *R. S.* 54:4-3.26 leaves the balance thereof unaffected;" and that "if chapter 170 of the laws of 1937 is unconstitutional, * * * it was unconstitutional from the date of its enactment, and its incorporation into the Revision cannot and does not render it any more effective than it was at its source."

This is specious reasoning. It ignores the primary element of intention and the principles designed to preclude its nullification. The regulations thus invoked are mere guides to intention, and not means for its circumvention. Here, there is no doubt as to the legislative intent. The proviso incorporated in the cited section of the Revision limits the enacting clause, and thereby college fraternities are excluded from the exempt category. Therefore, the section must stand or fall as a unit. But the act of 1936, *supra,* contained no such limitation; and the theory of the case of *Alpha Rho Alumni Association* v. *New Brunswick, supra,* is that, since the subsequent amendment was unconstitutional, the primary provision stood unaltered. There, the original expressed intention failed of modification by reason of the invalidity of the later amendment. Here, the qualification of the generality

of the enacting clause is an integral part of the subsisting re-enactment.

The Revision of 1937 is a wholly independent enactment, superseding all pre-existing general laws; and the section in question is therefore to be viewed as though it were an original enactment. *Duke Power Co.* v. *Somerset County Board of Taxation*, 125 *N. J. L.* 431; *Devlin* v. *Cooper*, 124 *Id.* 155; *State* v. *Czarnicki*, 124 *Id.* 43.

And *section* 1:1-10 is of no avail to prosecutor. That saves separable, independent, statutory provisions. The general rule is that, in the absence of an express legislative declaration to the contrary, it is to be presumed that the legislature intended the enactment to be effective in its entirety. *Riccio* v. *Hoboken*, 69 *N. J. L.* 649, 661; *Hudspeth* v. *Swayze*, 85 *Id.* 592. This saving clause is in aid of interpretation merely, and is not an inexorable command. It would seem to be but a declaration of the substantive rule generally obtaining. It does not do more than turn a presumption of inseparability into one of separability. *Dorchy* v. *Kansas*, 264 *U. S.* 286; 44 *S. Ct.* 323; 68 *L. Ed.* 686; *Williams* v. *Standard Oil Co.*, 278 *U. S.* 235; 49 *S. Ct.* 115; 73 *L. Ed.* 287; *Carter* v. *Carter Coal Co.*, 298 *U. S.* 238; 56 *S. Ct.* 855; 80 *L. Ed.* 1160; *Charles C. Steward Mach. Co.* v. *Davis*, 301 *U. S.* 548; 57 *S. Ct.* 883; 81 *L. Ed.* 1279. In the ultimate analysis, the question is whether its application would serve to defeat the declared legislative purpose. *Utah Power Co.* v. *Pfost*, 286 *U. S.* 165; 52 *S. Ct.* 548; 76 *L. Ed.* 1038; *Railroad Retirement Board* v. *Alton Railroad Co.*, 295 *U. S.* 330; 55 *S. Ct.* 758; 79 *L. Ed.* 1468.

It results that, for the constitutional deficiency found in the case of *Alpha Rho Alumni Association* v. *New Brunswick, supra, section* 54:4-3.26 is void *in toto*.

The writ of *certiorari* is accordingly dismissed, with costs.