**COLLECTOR OF REVENUE OF the CITY OF ST. LOUIS, Missouri, Plaintiff-Respondent,**

v.

**PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS (Parcels 24–069 and 24–070), Defendant-Appellant.**

**No. 60950.**

Supreme Court of Missouri,

En Banc.

Sept. 11, 1979.

Bruce Nangle, Clayton, for appellants.

James Wilson, Jack L. Koehr, James E. Crowe, St. Louis, for respondent.

Jackson County, Mo., Jon Reginald Gray, Kansas City, for amicus curiae.

SEILER, Judge.

This is an appeal from the judgment of the circuit court of the City of St. Louis foreclosing tax liens under the Municipal Land Reutilization Law (MLRL), §§ 92.700 *et seq.,* RSMo 1978. Appellant contends that the trial court erred in overruling the appellant's motion to dismiss on the ground that MLRL is constitutionally defective on its face for failing to provide for personal service of process on owners of tax delinquent property[1] or for an affidavit stating that the owner is unavailable. This court

---

1. In *Collector of Revenue for City of St. Louis, Missouri v. Parcels of Land Encumbered with Delinquent Tax Liens,* 566 S.W.2d 475 (Mo. banc 1978), the same law was challenged on the ground that the provision that failure of the collector to mail notice would not invalidate the proceedings was unconstitutional. The challenge was overruled, it being held that the taxpayer, under the circumstances of the case, had no standing to raise the issue.

has jurisdiction over the appeal because the case involves the construction of a revenue law, Mo.Const. art. V, § 3. We affirm.

The facts in this case are undisputed. Pursuant to authority granted under § 92.-720 of the MLRL, respondent filed a petition in the circuit court on October 9, 1975, to foreclose tax liens on a number of parcels of real estate, including parcels designated as 24–069 and 24–070, based upon delinquent taxes for the years 1971, 1972, 1973 and 1974. Respondent sought a judgment covering the delinquent taxes, interest, collector's fees, attorney's fees, collector's commission and court costs, as well as an order authorizing sale of the properties at public auction. Pursuant to § 92.760 of the MLRL, notice of the filing of suit was mailed on October 3, 1975 to appellant, Deluxe Auto Body Services, Inc., record owner of the two parcels of land involved in this case. Pursuant to § 92.755 of the MLRL, notice of the foreclosure along with a legal description of the property and the name and address of the property owner, was published four times, once a week, during successive weeks, in a daily newspaper of general circulation. After a hearing on the constitutional issue, the court entered judgment against appellant for $3,641.93 for parcel 24–069 and $1,715.72 for parcel 24–070.

Appellant submits that the MLRL provisions for notice of foreclosure through publication and a letter to the last known property owner of record, §§ 92.755 and 92.760, RSMo 1978, violate the guarantees of the due process clauses of the Fourteenth Amendment to the United States Constitution and art. I, § 10 of the Missouri Constitution. Appellant also contends that the statute's authorization of notice of foreclosure without personal service of process fails to satisfy the standards of procedure established by this court in rule 54. Respondent submits that the trial court did not err in overruling appellant's motion to dismiss because the MLRL notice provisions satisfy due process requirements and comply with rule 54.18 as service authorized by statute.

Appellant cites *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) as authority for its contention that due process requires personal service of process for property owners in the foreclosure suits. In *Mullane,* the court held that a New York statute providing for judicial settlement of trust fund accounts violated the Fourteenth Amendment because it provided for notice solely through publication, even when the names and addresses of persons having interests in the trust fund are known to the trustee. The court upheld notice by publication for beneficiaries whose interests were unknown to the trustee, but stated that "[w]here the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." 339 U.S. at 318, 70 S.Ct. at 659. The court did not, however, require personal service of process upon known beneficiaries of the fund. The court stated "[t]he statutory notice to known beneficiaries is inadequate, not because in fact it fails to reach everyone, but because under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand . . . [T]he mails today are recognized as an efficient and inexpensive means of communication." 339 U.S. at 319, 70 S.Ct. at 660.

In *Nelson v. City of New York,* 352 U.S. 103, 77 S.Ct. 195, 1 L.Ed.2d 171 (1956), the court held that mailed notices of a special tax foreclosure satisfied due process requirements. In *Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), the court held unconstitutional notice solely through publication for condemnation proceedings. The court restated the due process test of *Mullane.* "The general rule that emerges from the *Mullane* case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." 371 U.S. at 212–13, 83 S.Ct. at 282. The court concluded that

the due process requirement for notice was "an obligation which the mailing of a single letter would have discharged." *Id.* at 214, 83 S.Ct. at 283. More recently, the court affirmed two federal three-judge district court decisions upholding an Illinois statute, similar to the provisions in the MLRL in question here, authorizing notice by publication and mail for the sale of tax delinquent real estate. *Catoor v. Blair,* 358 F.Supp. 815 (N.D.Ill.), *aff'd mem.,* 414 U.S. 990, 94 S.Ct. 345, 38 L.Ed.2d 231 (1973); *Balthazar v. Mari Ltd.,* 301 F.Supp. 103 (N.D.Ill.), *aff'd mem.,* 396 U.S. 114, 90 S.Ct. 397, 24 L.Ed.2d 307 (1969). Like § 92.760 of the MLRL at issue in the case at bar, the Illinois statute provided for a letter of notice to be sent "to the person shown by the current collector's warrant book to be the party in whose name the taxes were last assessed." Ill.Rev.Stat. Ch. 120, § 711.

Appellant cites the decisions of two state supreme courts, *Township of Montville v. Block 69, Lot 10,* 74 N.J. 1, 376 A.2d 909 (1977) and *Dow v. State,* 396 Mich. 192, 240 N.W.2d 450 (1976), as authority for the contention that notice short of personal service of process in foreclosure proceedings violates the due process clause. Both courts held unconstitutional statutes authorizing notice of foreclosure solely through publication, but both courts also made clear that notice mailed to the property owner would be constitutional under the due process clause. The New Jersey Supreme Court explicitly stated in *Township of Montville* that "where an owner's name and address appear on the municipality's tax rolls, notice must be sent by mail before a taxpayer's right to redeem his property may be foreclosed." 376 A.2d at 918. The Michigan court stated in *Dow* that "[p]ersonal service is not required. Notice by mail is adequate." 240 N.W.2d at 459.

Appellant also contends that the statute's authorization of notice of foreclosure without personal service of process falls below the standards of procedure established by this court in rule 54, in regard to the service of process in civil cases. But rule 54.18 provides that "[w]here a statute contains provisions for a method of service, service may be made pursuant to the provisions of the statute or as provided by these Rules." Accordingly, notice under the MLRL is not improper for failure to conform to the rules of civil procedure promulgated by this court.

Because the notice given through publication and the mail, under § 92.755 and 92.760 of the MLRL, is reasonably calculated to reach tax delinquent property owners, we uphold the constitutionality of the MLRL under the Fourteenth Amendment to the United States Constitution and art. I, § 10 of the Missouri Constitution. The judgment of the circuit court is affirmed.

BARDGETT, C. J., and DONNELLY, RENDLEN, WELLIVER and MORGAN, JJ., concur.

HIGGINS, J., not participating because not a member of the court when cause was submitted.