**COLLECTOR OF REVENUE OF the CITY OF ST. LOUIS, Missouri, Plaintiff-Respondent,**

v.

**PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS (Parcels # 26–008; 26–009; 26–010; 26–170; 27–113; 28–082; 28–083; 28–084; 28–085; 28–275; 29–157; 29–321; 29–322; 29–323; 29–324; 29–515) (Harvey F. Euge, Frank J. Rollins, Larry R. Anderson, John M. Leadbetter, Reich Invest. Corp.), Defendants-Appellants.**

Nos. 38738, 38854, 39005 and 39325.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 23, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1979.

Application to Transfer Denied
Jan. 15, 1980.

Harvey F. Euge, pro se.

James E. Crowe, St. Louis, for plaintiff-respondent.

SNYDER, Presiding Judge.

This appeal involves a foreclosure suit under the Municipal Land Reutilization Law (MLRL), § 92.700 et seq., RSMo 1978, brought by the Collector of Revenue of the City of St. Louis against certain parcels of City of St. Louis real estate encumbered by delinquent tax liens.

Appellants, owners of parcels in four land tax cases, filed answers which alleged defective notice and the unconstitutionality of the MLRL provisions delineating the notice

requirements (§§ 92.755 and 92.760, RSMo 1978) in foreclosure sale proceedings. Thus, argued appellants, any proceedings brought pursuant to the statute would be a nullity as the court lacked jurisdiction, absent proper notice, to proceed.[1] The trial court entered judgment in favor of the Collector of Revenue, ordering foreclosure and sale of the real estate in question. The owners of the parcels appeal. This court affirms.

Appellants' joint motion to consolidate appeals from four land tax cases was granted. However, the one transcript which was filed provides this court with a record only as to parcels numbered 29–157, 29–321 through 29–324 and 29–515. This opinion speaks only to the appeal as it relates to these parcels.

▮ The appeal is dismissed as to parcels 26–008 through 26–010, 26–170, 27–113, 28–082 through 28–085 and 28–275 because of appellants' failure to provide a transcript as mandated by Rule 81.12(a).

▮ Appellants argue the trial court erred in rendering judgment for the Collector of Revenue because the notice sent to them by mail and by publication was insufficient to comply with due process requirements in that it was vague and ambiguous and failed to inform them of the action taken against them so as to allow them to defend the property. They challenge the constitutionality of the notice provision of MLRL under Article I, Section 10 of the Missouri Constitution and Section 1 of the Fourteenth Amendment to the United States Constitution.

The notice of foreclosure given to appellants complied with § 92.755 (notice by publication) and § 92.760 (notice by mail), RSMo 1978. Both the mailed and the published notices stated clearly the reason and nature of the lien claimed upon the property and the proposed foreclosure of the tax lien on the property. There is no basis for appellants' contention that the notice did not inform them of the action being taken against them.

As to the claim of unconstitutionality, appellants are cited to the case of *Collector of Revenue of the City of St. Louis v. Parcels of Land Encumbered* with Delinquent Tax Liens (Parcels 24–069 and 24–070), No. 60950 (Mo. banc, September 11, 1979) wherein the Missouri Supreme Court upheld the notice provisions of MLRL against the claim, similar to that of appellants, that these provisions violated the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution. Further discussion of this point would be useless and of no precedential value. Accordingly, in compliance with Rule 84.16(b), the judgment from which this appeal is taken is affirmed.

WEIER, C. J., and SMITH, J., concur.

---

1. Appellant Harvey Euge did not and does not complain of an actual lack of notice. Nor does he complain that the court or the Collector failed strictly to adhere to the notice provisions

embodied in § 92.755, RSMo 1978 (notice by publication) and § 92.760, RSMo 1978 (notice by mail).