STATE ex rel. COUNCIL
APARTMENTS, INC., a
Mo. Corp., Relator,

v.

George C. LEACHMAN, Collector of
Revenue, St. Louis County,
Respondent.

No. 61751.

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1980.

Alan E. Popkin, Sylvan Agatstein, Clayton, for relator.

Thomas W. Wehrle, St. Louis County Counselor, George W. Lang, II, Associate County Counselor, Clayton, for respondent.

STOCKARD, Commissioner:

Council Apartments, Inc. was incorporated as a not–for–profit corporation in 1964. It raised funds through charitable donations to purchase an unimproved lot on Delcrest Drive in University City, Missouri, and in 1965 it began the construction thereon of a ten story apartment building, the "Delcrest Apartments," a home for elderly people of limited resources which was financed under the "Senior Citizen Housing Act of 1962."

Relator paid without protest the assessed ad valorem tax for 1977. Following the ruling of this Court in *Franciscan Tertiary Province v. State Tax Commission*, 566 S.W.2d 213 (Mo. banc 1978), relator filed its petition with the St. Louis County Board of Equalization for exemption from real estate ad valorem taxes on the basis that its operations were exclusively charitable, and on August 31, 1978, the County Council of St. Louis County granted relators petition and placed its property on the tax exempt roll.

On December 14, 1978, within one year after the payment of the assessed taxes for 1977, relator filed its application pursuant to § 139.031(4) RSMo 1978 for refund of real property taxes for the year 1977. The application for refund was refused, and relator then filed its petition for a writ of mandamus. After respondent filed a return each party filed a motion for summary judgment, and the trial court sustained respondent's motion. This appeal is from that judgment.

All property is presumed to be subject to ad valorem taxes, § 137.075 RSMo 1978, or as stated in *Missouri Church of Scientology v. State Tax Commission*, 560 S.W.2d 837, 844 (Mo. banc 1978), "taxa-

tion is the rule and exemption therefrom the exception." The burden is on the taxpayer to establish that property is entitled to be exempt. *City of St. Louis v. State Tax Commission,* 524 S.W.2d 839, 844 (Mo. banc 1975); *Midwest Bible & Missionary Institute v. Sestric,* 264 Mo. 167, 260 S.W.2d 25 (1953). An exemption from taxation can be waived. *Sprik v. Regents of University of Michigan,* 43 Mich.App. 178, 204 N.W.2d 62 (1972); *Clark v. Marian Park, Inc.,* 80 Ill.App.3d 1010, 36 Ill.Dec. 241, 400 N.E.2d 661 (1980); *Christian Business Men's Committee of Minneapolis v. State,* 228 Minn. 549, 38 N.W.2d 803 (1949); *Rutgers Chapter of Delta Upsilon Fraternity v. City of New Brunswick,* 129 N.J.L. 238, 28 A.2d 759 (1942). Until the exempt status is established the property is subject to taxation even though the facts would have justified the exempt status if they had been presented for a determination of that issue.

Relator seeks to have the taxes for 1977 refunded pursuant to § 139.031(4) RSMo 1978. It relies on the fact that upon its application the County Council granted an exemption from ad valorem taxes for 1978, and thereafter, on the basis that the property was being used for purposes purely charitable, and, as relator contends, the use in 1977 was the same as in 1978.

Section 139.031(4) provides that "All the county collectors of taxes, * * * shall, upon written application of a taxpayer, refund any real or tangible personal property tax mistakenly or erroneously paid in whole or in part to the collector." The issue here is whether under the facts of this case, relator *mistakenly* or *erroneously* paid the tax for 1977 as that term is used in the statute.

■ Until relator met its burden of establishing that its property was entitled to an exempt status, the assessment of ad valorem taxes against the property was proper and lawful, and payment of the tax was required. The payment without protest of a tax lawfully and properly assessed cannot be erroneous or the result of a mistake within the meaning of § 139.031(4).

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.