EVERS, J. T. C.
This matter concerns the novel question of whether or not a taxpayer may enjoy a dual exemption. Camp Alpine of Greater New York, Boys Scouts of America (plaintiff) was accorded a “Green Acres” tax exemption (N.J.S.A. 54:4-3.63 et seq.) in 1978 by the Department of Environmental Protection for the entire tract of land (150 acres). In 1978 it also filed an initial statement for virtually the entire tract to the Borough of Norwood (defendant) in order to receive a non-profit corporation exemption pursuant to N.J.S.A. 54:4-3.6. It was stipulated that plaintiff otherwise qualifies for the non-profit corporation exemption on most but not all of the subject property. It is also uncontested that the entire tract qualifies for the Green Acres exemption by virtue of a prior adjudication of the issue culminating in a denial of certification by our Supreme Court, thus affirming the Appellate Division ruling that the taxpayer was entitled to the Green Acres exemption. The borough assessor insists on carrying the property on its exempt rolls as exempt property under N.J.S.A. 54:4-3.63 and not N.J.S.A. 54:4-3.6. Plaintiff desires a judgment decreeing the property exempt *225 under N.J.S.A. 54:4-3.6. A consent order was entered into at the pretrial conference that allowed for the instant cross-motions for summary judgment which would finally dispose of this entire controversy as to the years in question — -1979 and 1980.
The question to be decided seems to be no more than a theoretical curio piece, but because of the presence of the rollback tax provisions in the Green Acres Tax Exemption Act, the issue transcends mere novelty.
N.J.S.A. 54:4-3.64 provides in pertinent part:
All lands and the improvements thereon actually and exclusively used for conservation or recreation purposes, owned and maintained or operated for the benefit of the public by a non-profit corporation or organization organized under the laws of this or any state of the United States authorized to carry out the purposes on account of which the exemption is claimed and which is qualified for the exemption from the federal income tax under Section 501(c)(3) of the Internal Revenue Code shall be exempt from taxation. . .
N.J.S.A. 54:4-3.69 provides for the payment of rollback taxes “when real property which is exempted under the provisions of this act is applied to a use other than for conservation or recreation purposes,.. . ”. The exemption accorded to certain non-profit organizations, N.J.S.A. 54:4-3.6, does not provide for any such rollback taxes.
Consequently it is quite clear that upon an attempted sale of property, it matters what provisions authorized the tax exemption. Such is the case herein. A sale of the subject property to a private party interested in developing the entire tract for profit is imminent, therefore the importance of resolving the issue of a dual exemption is obvious. If plaintiff may enjoy a dual exemption, then it avoids a substantial rollback tax liability-
The defendant argues that as a matter of law plaintiff’s property is not entitled to a non-profit organization exemption which it otherwise qualifies for, on the basis of legislative intent. More particularly the defendant argues that the underlying policy of tax exemptions precludes the plaintiff from enjoying a dual exemption.
*226 Plaintiff simply argues that there is no authority that prevents a dual exemption, yet cites no authority in support of its position. A thorough researching of the question by the court revealed no authority in any jurisdiction that aids in the disposition of this matter.
At oral argument it was revealed that prior appeals of the Division of Tax Appeals determination that plaintiff’s property qualified in the tax year 1977 for a non-profit organization exemption only as to five acres, and the decision of the Commissioner of the Department of Environmental Protection that the entire tract qualified for a Green Acres exemption for. the 1979 tax year were heard on the same day in the Appellate Division. Counsel for both parties represented that the Appellate Division knew that the property was subject to a dual exemption in part, but there was no adjudication of the issue in question subjudice.
The prior appeals concerned a situation where the subject property received the benefit of a non-profit organization exemption initially in 1970. In 1977 a further statement was filed pursuant to N.J.S.A. 54:4-4, so that the exemption was “good” until 1980 when an additional further statement must have been filed. Consequently for the tax year 1979 the property was subject to a non-profit organization exemption as to five acres. In 1978 the Commissioner of the Department of Environmental Protection certified the property as exempt under the Green Acres Act. Therefore the property was, and already is, subject to a dual exemption, but only as to five acres, since the 1970 initial statement regarding the non-profit organization only sought the exemption for five acres. Plaintiff filed a new initial statement, which is the subject of this matter, covering virtually the entire tract in 1978. Defendant has admitted that it would honor this claim but for the fact that it maintains it is improper as a matter of law. Yet defendant is refusing to do what it already has done in the past as to five acres. Actually plaintiff simply seeks to extend its already effective non-profit organization exemption for the balance of the tract. The Court must again emphasize that but for the intransigence of the defendant, *227 there is no factual dispute as to whether or not plaintiff is entitled to said exemptions.
There is no known authority extant which would dictate a result either way since such a question is almost invariably academic. Defendant strenuously argues that the principle of strict construction of exemption statutes should apply here, but its argument is without merit. It is uncontroverted that as to both statutory exemptions herein plaintiff does in fact qualify. The principle of strict construction against the taxpayer in cases of statutory exemptions has no place in such a case. cf. Bloomfield v. Academy of Medicine of New Jersey, 47 N.J. 358, 221 A.2d 15 (1966).
The underlying theory of tax exemptions was stated in Rutgers Chapter of Delta Upsilon Fraternity v. New Brunswick, 129 N.J.L. 238, 240, 28 A.2d 759 (Sup.Ct.1942) aff’d o.b. 130 N.J.L. 216, 32 A.2d 364 (E. & A.1942):
The existence of grounds for exemption is a mixed question of law and fact. For obvious reasons, exemptions from taxation are not favored, and so are strictly construed. Such renunciation of sovereignty is sustainable only on grounds of public policy, i. e., the service of an interest fundamentally public and not private. Exemptions not so grounded place an unequal and unjustifiable burden upon property taxed for the operation of government in the common interest. Apart from the criteria laid down in the statute, unless the exemption is founded on a “quid pro quo for the performance of a service essentially public, and which the state thereby is relieved pro tanto from the necessity of performing,” it constitutes a “gift of public funds at the expense of the taxpayer,” and is “indefensible both under our public policy of equal taxation and our constitutional safeguard against illegal taxation.” Carteret Academy v. State Board of Taxes and Assessment, 102 N.J.L. 525, 133 A. 886; affirmed, 104 N.J.L. 165, 138 A. 919. Equality is the basic principle of taxation, and a valid exemption therefrom must needs serve the common interest in substantial particulars.
Plaintiff’s property herein is performing two services essentially public since its property is capable of being used by the public for recreational purposes (N.J.S.A. 54:4-3.63 and N.J.S.A. 54:4-3.64), and is also used in the work of a non-profit charitable organization (N.J.S.A. 54:4-3.6). The unique character of this property enables a dual use, and therefore entitles it to a dual exemption provided all the other substantive requirements are met. The state, i. e. the people, because of the unique nature of the property is getting a double benefit in terms of *228 relief from performing functions otherwise sustainable only by the public fisc. Accordingly, fundamental fairness prevents the taxpayer from being deprived of a proportionate benefit, particularly in a case where there is a penalty consequent to the absence of one of the uses.
Finally, in response to defendant’s argument that such a result would countenance a deliberate tax avoidance scheme on the part of the plaintiff, it was said by Judge Learned Hand, dissenting, in Commissioner of Internal Revenue v. Newman, 159 F.2d 848, 850-851 (CA 2 1947):
Over and over again the courts have said that there is nothing sinister in so arranging one’s affairs as to keep taxes as low as possible. Everybody does so, rich or poor; and all do right, for nobody owes any public duty to pay more than the law demands: taxes are enforced exactions, not voluntary contributions. To demand more in the name of morals is mere cant.
Accordingly, plaintiff’s motion is granted; defendant’s is denied.