**COLLECTOR OF REVENUE OF the CITY OF ST. LOUIS, Plaintiff-Respondent,**

**v.**

**PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS, LAND TAX SUIT 31, PARCEL 158, Respondent,**

**Lee Jackson, Intervenor-Appellant.**

**No. 41509.**

Missouri Court of Appeals, Eastern District, Division No. 2.

May 12, 1981.

Bell, Harris, Kirksey & Thomas, James A. Bell, St. Louis, for intervenor-appellant.

David L. Pentland, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Appellant-intervenor, as former owner of certain real estate located in the City of St. Louis, appeals from the trial court order confirming and approving the sheriff's sale of real estate pursuant to foreclosure sale for delinquent taxes. The appeal raises two basic points: (1) that appellant was not notified of the proceedings and thus was deprived of his property without due process of law; (2) that the proceeds from the sale were inadequate consideration. We find no merit to the points raised on appeal and affirm the judgment.

Appellant was the registered owner of real property at 5735 Julian Avenue in St. Louis which he had purchased in 1973. Not having received his real estate tax bill for 1976, appellant went to the city assessor's office to inquire about it and was assured

that tax bills would be sent to him in the future. According to appellant, he received no tax bills for 1977 or 1978; neither did he pay any real estate taxes on the property for those years. He learned in 1978 that the property had been sold for delinquent taxes. And, indeed, appellant's real estate had been sold pursuant to the provisions of the Municipal Land Reutilization Law, §§ 92.700–.920, RSMo Supp. 1975.[1]

Subsequent to the foreclosure sale, these proceedings followed which concern the confirmation of the sheriff's sale made pursuant to §§ 92.840 and .845. On this appeal, appellant first complains that he was deprived of his property without due process of law as there was failure to comply with the notice provisions of § 92.760—specifically that there was no notice mailed to him of the foreclosure sale. But the record speaks otherwise. On our own initiative under Rule 81.12(e) we have scrutinized the record of the foreclosure proceeding available to the trial court. And we find that on September 15, 1977 the affidavit of the collector of revenue was filed stating that proper notice of the foreclosure suit was mailed on August 17, 1977 to the address and person (in this case the appellant) named in petition as being the last known person in whose name the tax bill was last billed or charged on the collector's record. The notice of the foreclosure sale was also properly published under the provisions of § 92.755. There being full compliance with the notice provisions by both publication and mailing, due process requirements were not denied appellant but were fulfilled. *Collector of Revenue v. Parcels of Land*, 585 S.W.2d 486 (Mo.banc 1979), squarely upholds the notice provisions here employed. *Accord, Collector of Revenue v. Parcels of Land*, 591 S.W.2d 53, 54 (Mo.App.1979). So appellant's due process argument fails.

Furthermore, the record is destitute of any contention by appellant that he did not in fact receive notice that the foreclosure sale would take place. The sole evidence offered by the appellant at the hearing

1. Now §§ 92.700–.920, RSMo 1978.

having some relation to any notice deficiency does not present any challenge regarding whether he was given statutory notice of the proposed sale and opportunity to defend against the foreclosure, to wit:

Q. [Appellant's attorney after inquiring whether improvements had been made to the property] And when did you find out you did not own the property?

A. [Appellant] A few days before Christmas, on the 19th or 20th. I don't have the exact date.

Q. How did you find out?

A. I went over to the assessor's office to pay the taxes on it and they were looking it up and they found it had been sold.

The foregoing does not serve as a basis for asserting that appellant was not given proper notice of the foreclosure proceedings. In fact, appellant's intervention in this confirmation hearing was based solely on the issue of adequacy of consideration—the matter we next address.

■ Appellant contends that because of his expenditures for improvements on the property and the appraised value of the property as brought out by his expert witnesses, the sale of the property for $1,682 was grossly inadequate and an unjust enrichment for respondents as purchasers of the property at the sheriff's sale. The record reflects a sharp dichotomy between the testimony of appellant's and respondent's expert witnesses as to the value of the property, and even a division of opinion from appellant's witnesses as to whether or not improvements had been made. But credibility of witnesses, how much to believe or to disbelieve, and resolution of conflicts of evidence is for trial court. *Trenton Trust Co. v. Western Surety Co.*, 599 S.W.2d 481 (Mo.banc 1980); *Labor Discount Center, Inc. v. State Bank & Trust Co. of Wellston*, 526 S.W.2d 407 (Mo.App.1975). There was ample evidence in the record to support the trial court's findings that the sale price of

$1,682 was adequate consideration for the parcel sold. § 92.840, RSMo Supp. 1975.

Judgment affirmed.

PUDLOWSKI, P. J., and WEIER, J., concur.