**In the Matter of FORECLOSURE OF LIENS FOR DELINQUENT LAND TAXES BY ACTION IN REM.**

No. 44298.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 20, 1982.

Motion for Rehearing and/or Transfer Denied Sept. 17, 1982.

Application to Transfer Denied Oct. 18, 1982.

Cordell Siegel, St. Louis, for appellant.

Dennis McCubbin, St. Louis, for respondent.

GUNN, Judge.

This appeal involves the confirmation and approval of a sheriff's sale of certain property located in St. Louis sold pursuant to a foreclosure for delinquent taxes. The issues raised are: (1) that the property was exempt from taxation, as it was used exclusively for religious purposes; (2) whether the determination of value of the property was arbitrary as being inadequate; (3) that the 1980 census figures removed the City of St. Louis from the statutes regarding the foreclosure procedures which were followed. We are constrained to affirm.

The appellant-intervenor Zion Tower Missionary Baptist Church was the owner of certain real estate in St. Louis. It is undisputed that the property was used for religious worship purposes and as a parish house. Pursuant to The Municipal Land Reutilization Law, §§ 92.700–92.920, RSMo 1978[1], adopted by the City of St. Louis, proceedings were instituted to collect delinquent real estate taxes on the property.

1. Statutory references are to RSMo 1978.

The record affirmatively establishes that all required statutory notices were given and procedures of the bifurcated proceedings properly followed. *See Collector of Revenue v. Parcels of Land,* 585 S.W.2d 486, 488 (Mo. banc 1979); *Collector of Revenue v. Parcels of Land,* 616 S.W.2d 865, 866 (Mo. App.1981) (holding compliance with statutory notice provisions satisfies due process requirements).

First, after hearing in circuit court, judgment was issued for delinquent taxes and the property ordered to be sold at foreclosure sale. No appeal was taken from this first proceeding. Second, after the required waiting period of six months and redemption afforded, § 92.810, the sheriff sold the property at public offering for $5500.00, and confirmation hearing of the foreclosure sale was held in circuit court. Evidence of the value of the property was taken, and the trial court found the foreclosure sale price of $5500.00 to be inadequate and ordered that an adequate consideration would be $15,000, which was timely paid by the successful bidder.

This appeal involves only the confirmation proceedings. No appeal was taken from the foreclosure sale.

■ The religious exemption issue: Mo.Const.Art. X, § 6 and § 137.100(5) provide state, county and local tax exemption status for property used exclusively for religious worship. But the burden is on the party seeking a tax exemption to establish that it is within the exempt category. *State ex rel. Council Apartments, Inc. v. Leachman,* 603 S.W.2d 930, 931 (Mo.1980); *Pentecostal Church of God v. Hughlett,* 601 S.W.2d 666, 668 (Mo.App.1980). *See* §§ 137.385, 138.110, 138.150 and 139.031 (regarding processes for complaint as to tax status). The record in this case is absolutely destitute of anything that would allow this court to conclude by even the most liberal interpretation that appellant had followed proper channels to qualify for a tax exemption. The tax exemption argument must therefore fail.

Though appellant may be entitled to a tax exemption for its property, it must affirmatively take appropriate action to qualify for the exemption. It did not do so in this case, or, at least there is no indication that it did. Appellant's problems, therefore, are of its own making. As stated in *State ex rel. Council Apartments v. Leachman,* 603 S.W.2d at 931: "Until the exempt status is established the property is subject to taxation even though the facts would have justified the exempt status if they had been presented for a determination of that issue."

Further, the tax exemption issue should have been raised on an appeal from the foreclosure sale. Section 92.845 specifically proscribes the raising of any question on appeal that could have been raised from the judgment of foreclosure. So we are precluded from considering any of the issues that could have been raised on appeal from the foreclosure sale. We are thus limited to a review of the confirmation proceedings which were manifestly in proper order.

■ Adequacy of consideration issue: Inadequacy of consideration will not justify the setting aside of a foreclosure sale which was conducted fairly and lawfully, without fraud and with full opportunity for competitive bidding. *Mueller v. Simmons,* 634 S.W.2d 533 (Mo.App.1982). There is no evidence which would justify an abrogation of the sale, nor is the consideration set by the trial court so grossly inadequate as to compel setting the sale aside. *Id.*

The census issue: The appellant contends that The Municipal Land Reutilization Law, §§ 92.700–92.920, applies only to cities not within a county having a population in excess of 500,000 and that St. Louis has less than the required number of persons within its limits. But this argument overlooks § 1.100.2, which provides that a loss of population of a city not within a county does not remove the city from the operation of a law originally applicable to it, as is the situation in this case.

Judgment affirmed.

DOWD, P. J., and SIMON, J., concur.