**COLLECTOR OF REVENUE FOR the CITY OF ST. LOUIS, Respondent,**

v.

**PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS, Appellant.**

**No. 48054.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 15, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1985.

---

Kelly & Kelly, Timothy W. Kelly, Florissant, for appellant.

James J. Wilson, Donald G. Dylewski, City Counselors, St. Louis, for respondent.

CLEMENS, Senior Judge.

Appellant Harriett Londoff is the former owner of six adjacent tracts in St. Louis. Respondent City of St. Louis is now the owner thereof by virtue of a public tax sale by the city's Land Reutilization Authority. This change of ownership resulted from appellant's failure to pay taxes for four years.

The city duly advertized the property for sale with due notice to owner Londoff. There were no bids at three sales. The city then by virtue of its unpaid taxes assumed ownership under Section 92.830.2, this by virtue of its unpaid taxes, interest and costs of $11,433.25.

Here Ms. Londoff contends the trial court erred in confirming the tax sale because it was not for "adequate consideration". In response the city contends the property's deteriorated condition warranted the trial court's finding of adequate consideration. We summarize the evidence.

The taxed property consisted of six adjacent parcels. One was a four-unit flat, only one unit occupied. Another was a two-unit flat, one occupied. Another was a former service station now used as an auto repair shop. Still another is a former bowling alley, now roofless. The other two tracts are vacant. The lands are in a high-crime area of the city; the buildings first had been ravaged by a riot and next by a tornado. Broken windows are boarded up. Vandalism is rife in the area.

As to the property's value Ms. Londoff testified she believed it was worth $92,000.

A qualified realty appraiser valued it at $10,790; this against unpaid taxes, interest and costs of $11,433.25.

In challenging the tax sale Ms. Londoff cites *Brasker v. Cirese*, 269 S.W.2d 62 (Mo. banc 1954) based on the local foreclosure law governing Kansas City. So far as pertinent here that case condemns a sale for inadequate consideration when "so grossly inadequate as to shock the conscience and amount to confiscation of the property." Considering that the tax sale here was for less than the unpaid taxes, BRASKER does not help Ms. Londoff.

More in point and decisive here is *Collector of Revenue, etc. v. Parcels of Land*, 616 S.W.2d 865[2] (Mo.App.1981). That was a St. Louis City sale under Section 92.700–.920 RSMo. The land owner there contended the $1,682 sale price was inadequate, but the trial court held otherwise. On appeal we held "the resolution of conflicts in evidence is for the trial court." So it is here.

Inadequacy of consideration, standing alone, is not sufficient to justify setting aside the sale. *Matter of Foreclosure of Liens, etc.*, 639 S.W.2d 140, 141 (Mo.App. 1982).

Affirmed.

DOWD, P.J., and CRIST, J., concur.