**HOUSING AUTHORITY OF the CITY OF POPLAR BLUFF, Appellant,**

v.

**Adalee EASTWOOD, Collector, City of Poplar Bluff, Respondent.**

**No. 69233.**

Supreme Court of Missouri, En Banc.

Sept. 15, 1987.

L. Joe Scott, Daniel T. Moore, Poplar Bluff, for appellant.

Michael M. Pritchett, Poplar Bluff, for respondent.

DONNELLY, Judge.

This is an appeal from an order of the Butler County Circuit Court approving an "Agreement To Make Annual Payments in Lieu of Taxes" entered into between the Butler County Council on Housing for the Elderly and Handicapped, Inc. and the City of Poplar Bluff, Missouri. The Missouri Court of Appeals, Southern District, transferred the cause to this Court prior to opinion. Mo. Const. art. V, § 10.

We note that exclusive appellate jurisdiction is not in this Court. Pursuant to Mo. Const. art. V, § 3, we have such jurisdiction in all cases involving "the construction of the revenue laws of this state." However, the construction of a revenue law must itself be in issue. *Cf., City of Willow*

*Springs v. Missouri State Librarian,* 596 S.W.2d 441 (Mo. banc 1980). Moreover, to come within our exclusive jurisdiction the revenue law must be directly and primarily involved. *Robb v. Estate of Brown,* 518 S.W.2d 729, 732 (Mo.App.1974).

Here, whether the Housing Authority, a political subdivision, is exempt from state and local taxation under the Missouri Constitution and relevant statutes is not the direct and decisive issue. Rather, the issue presented is whether the Housing Authority, which the parties assume has tax exempt status under Mo. Const. art. X, § 6 and section 137.100(5), RSMo 1986, is bound by an agreement to make annual payments in lieu of taxes. The revenue law is a necessary but indirect element in the analysis of that issue. However, "as a matter of judicial economy," we will retain the case and adjudicate the merits. *State ex rel. Lack v. Melton,* 692 S.W.2d 302, 304 (Mo. banc 1985).

The essential facts are not in dispute. Appellant, Housing Authority of Poplar Bluff, operates and manages the Brent Tinnin Apartments which were built by the Butler County Council on Housing for the Elderly and Handicapped, Inc. (hereinafter referred to as Council). In April 1984, the Council entered into an agreement with the City of Poplar Bluff whereby the Council agreed to make annual payments in return for the city providing various services. For 1986, appellant was required to and did make a payment in the amount of $798.22. Appellant made the 1986 payment under protest and later filed an action to have the agreement declared void and to recover the amount of the payment.[1] Thereafter, on February 25, 1987, the Butler County Circuit Court upheld the agreement and this appeal ensued. We affirm.

■ Appellant asserts that it is exempt from state and local taxation under both the Missouri Constitution and Missouri statutes. *See,* Mo. Const. art. X, § 6, and section 137.100(5), RSMo 1986. Conse-

quently, appellant argues, any agreement which circumvents this alleged exemption is void as against public policy.

This Court has held that an exemption from taxation can be waived. *State ex rel. Council Apartments v. Leachman,* 603 S.W.2d 930, 931 (Mo.1980). Other states have reached the same conclusion. *See. e.g., Sprik v. Regents of University of Michigan,* 43 Mich.App. 178, 204 N.W.2d 62 (1972); *Clark v. Marian Park, Inc.,* 80 Ill.App.3d 1010, 36 Ill.Dec. 241, 400 N.E.2d 661 (1980); *Christian Business Men's Committee of Minneapolis v. State,* 228 Minn. 549, 38 N.W.2d 803 (1949); *Rutgers Chapter of Delta Upsilon Fratnerity v. City of New Brunswick,* 129 N.J.L. 238, 28 A.2d 759 (1942).

The agreement demonstrates that both parties understood the property could not be lawfully taxed. In pertinent part, it provides:

3. (a) The City recognizes that it cannot levy or impose any real or personal property taxes upon Butler, Inc. with respect to the project. During this period of exemption, Butler, Inc. shall make annual payments (hereinafter referred to as "Payments in Lieu of Taxes") in lieu of such taxes and in payment for the public services and facilities as provided herein to be furnished from time to time without other cost or charge for or with respect to such services and facilities and the Project.

Despite such recognition of a tax exempt status, the Council expressly agreed to make the payments in exchange for services. In our view, such agreement reflects an intent to waive any exemption. Appellant's contention is without merit.

■ Alternatively, appellant argues that the contract lacks consideration and is thus unenforceable. We must disagree. "This court has said, not once, but many times, that no man is compelled to stand on a right given him by law. * * * Whatever this right may be, he may waive it if he

---

1. Both the collector for the City of Poplar Bluff and the collector for Butler County were named as defendants originally. However, the Butler County Collector was dismissed from the action

after he refunded a payment made to the county. Apparently, the refund was made because Butler County did not have a written agreement with Appellant.

chooses so to do, and without agreement or consideration, and lacking the essentials of an estoppel the waiver may be held to be valid and binding." *Hayes v. Manning,* 263 Mo. 1, 47, 172 S.W. 897, 907 (1914).

The judgment is affirmed.

All concur.