**C.L. CHILDRESS–BEY, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55913.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 3, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 8, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

SIMEONE, Senior Judge.

Movant-appellant, C.L. Childress–Bey, appeals from an order of the circuit court of the City of St. Louis, entered on October 27, 1988, denying his Rule 29.15 post-conviction motion without an evidentiary hearing. We affirm.

On January 7, 1987, movant was convicted of illegal possession of heroin, a schedule I controlled substance. Section 196.-020, R.S.Mo.1986. Movant was sentenced to five years. He appealed, and his conviction was affirmed. *State v. Childress*, 741 S.W.2d 94 (Mo.App.1987). On June 15, 1988, movant filed a *pro se* motion, and on September 19, 1988, an amended motion was filed by appointed counsel. The motions alleged ineffective assistance of counsel in that counsel failed to call four witnesses at trial. Movant alleged that he provided the names and addresses of four potential witnesses and that three of the witnesses would testify that movant did not possess heroin at the time he was arrested. The motions also alleged that a fourth witness, movant's employer, would testify that movant was at the scene of the offense in connection with his employment. Had these witnesses been called at trial, movant contends, there was a reasonable probability that he would have been acquitted.

On October 27, 1988, the trial court denied appellant's motion without an evidentiary hearing. Findings of fact and conclusions of law were made. The court found that three of the potential witnesses could merely testify that they did not see movant in possession, not that movant did not possess the controlled substance and that their potential testimony would be mere conclusions. As to the employer, the court found that his testimony would give movant a reason for being at the scene, but would not rebut the testimony of officers that movant made a drug transaction. The court concluded that the pleadings and transcript considered, the movant failed to show by a preponderance of the evidence or as a matter of law that he was denied his constitutional rights or that he had ineffective assistance of counsel.

On appeal, movant contends that the order of the court was clearly erroneous in finding he was not denied effective assistance of counsel because his trial attorney failed to locate the potential witnesses.

■ Our review is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous, Rule 29.15(j). The conclusions are clearly erroneous only if the record leaves the appellate court with a firm and definite impression that a mistake has been made. *Foster v. State,* 748 S.W.2d 903, 905 (Mo. App.1988). No evidentiary hearing is required under Rule 29.15 if the motion, files and records of the case conclusively show that the movant is entitled to no relief. To be entitled to an evidentiary hearing, the movant must plead *facts,* not conclusions which, if true, would entitle him to relief, *Rice v. State,* 585 S.W.2d 486, 492 (Mo. banc 1979), and that the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

■ In order to establish ineffective counsel, movant has a heavy burden to show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform and that he was prejudiced thereby. *Thrasher v. State,* 760 S.W.2d 462, 464 (Mo.App.1988). When a claim of ineffective assistance of counsel is made, as here, grounded on the failure to locate and present witnesses, movant must show that the witness could have been located through reasonable investigation, that the witness would have testified, if called, and that the testimony would have provided a viable defense. *Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo.App.1984). Otherwise stated, when ineffective assistance of counsel is alleged for failure to contact potential witnesses, movant must show what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information and that the information would have aided his position. *Rice v. State, supra,* 585 S.W.2d at 493; *Thomas v. State, supra,* 736 S.W.2d at 519.

■ In view of these principles, the court did not err. The motion did not state specific facts which the attorney failed to discover, and did not state that the witnesses would have testified, if called, or that their testimony, if believed, would have provided a viable defense. *See Albritton v. State,* 747 S.W.2d 687, 689 (Mo.App. 1988).

The motion court found that the alleged testimony of three of the potential witnesses was conclusory. No facts were stated except that movant did not possess the substance. Allegations of conclusions are not sufficient to warrant an evidentiary hearing. *Cf., Rice v. State, supra,* 585 S.W.2d at 493. The alleged testimony of the potential witnesses also conflicts with and is inconsistent with the state's evidence as shown in *State v. Childress, supra,* 741 S.W.2d 94. The facts there show that the state's evidence was obviously sufficient to conclude that movant had knowledge and an intent to possess the illegal substance and that he had the substance under his control.

The fact that the fourth witness, movant's employer, may have testified that movant was at the scene in connection with employment would not have refuted the evidence that movant was engaged in a drug transaction.

Under the circumstances, we cannot conclude that counsel was ineffective or that the motion court's judgment was clearly erroneous.

The judgment is affirmed.

SIMON, C.J., and DOWD, J., concur.