Ida E. MUELLER, Plaintiff-Respondent,

v.

C. E. SIMMONS, Jr., Defendant-Appellant.

No. 43961.

Missouri Court of Appeals, Eastern District, Division Two.

April 20, 1982.

Jeremiah L. Phelan, Charles F. Dufour, Jr., Clayton, for defendant-appellant.

Branham Rendlen, Hannibal, for plaintiff-respondent.

GUNN, Judge.

The issues in this quiet title action are directed at whether there was compliance with the foreclosure sale notice provisions of section 443.325, RSMo 1978 and whether there was gross inadequacy of consideration along with other circumstances indicating unfairness in the sale. The trial court found the notice procedures in compliance with the statute and approved the foreclosure sale. We affirm.

Plaintiff-respondent Ida Mueller and her husband sold certain real estate in Hannibal to defendant-appellant C. E. Simmons, Jr. In partial payment of the property, Simmons gave the Muellers a promissory note for $4204.80, secured by a deed of trust, with P. Pierre Dominique as trustee. Mr. Mueller died in April, 1977, and in July, 1977, the trustee informed Simmons by letter that payments on the note were delinquent and requested $1865.12 as the amount owing. An extensive correspondence followed between Simmons and the trustee, with Simmons disputing the amount due and promising to supply evidence of payment. When no such evidence was forthcoming the trustee informed Simmons on July 3, 1978 of his intention to foreclose.

Notice of a foreclosure sale to be held August 25, 1978 was given pursuant to sections 443.320–.325, RSMo 1978. However, the trustee promptly discontinued proceedings upon receipt of a $1865.12 check from Simmons, which the trustee agreed to hold for thirty days to allow Simmons additional time to present evidence of past payments.

Simmons subsequently succeeded in locating fourteen cancelled checks in the sum of $200 each. Maintaining that he had paid eighteen $200 checks, Simmons sent the trustee a check for $604.80, which he represented as full payment of the note. At Simmons' request, the trustee returned the $1865.12 check and retained the $604.80 but continued to dispute the amount due on the note, particularly since four of the $200 checks remained missing. After computing the dollar amount that he deemed due on the note, the trustee advised Simmons in a letter dated September 26, 1978 that the note would be cancelled upon receipt from

Simmons of a final payment of $374.92 plus copies of the four missing $200 checks[1].

Simmons again failed to comply, despite further entreaties from the trustee. In a letter dated January 15, 1979 the trustee warned Simmons that foreclosure proceedings would again be instituted if the final $374.92 payment and the proof of four past payments were not received by February 1, 1979. Receiving no response, the trustee commenced foreclosure, publishing the statutorily required notice of the sale in a Hannibal newspaper and attempting to send Simmons individual notice of the sale by certified mail. The sale was held in Hannibal on March 23, 1979, and Mrs. Mueller, the only bidder, purchased the property for $900.

Shortly thereafter, the trustee wrote Simmons of the results of the sale. Simmons responded on June 1, 1979, sending the trustee the four missing cancelled checks—three in the amount of $200, one for $137. No further action was taken with respect to the property until Mrs. Mueller, who wished to sell the property to another purchaser, filed this suit to quiet title. In his counterclaim, Simmons alleged that the foreclosure sale was wrongful, requesting the trial court to set it aside and grant him damages along with the right to redeem the property. The trial court found in favor of Mrs. Mueller on her cause of action and against Simmons' counterclaim, adjudging Mrs. Mueller to be vested with fee simple title to the property. Mrs. Mueller ultimately sold the property to a buyer for $13,000.

■ We review the judgment of the trial court in this court-tried case mindful that we must affirm it unless it erroneously declares or applies the law, is unsupported by substantial evidence or is against the weight of the evidence. We view the facts in the light most favorable to the judgment and defer to the trial court's resolution of conflicts in evidence. *Ozark Wood Industries, Inc. v. First National Bank of Doniphan*, 625 S.W.2d 651, 653–54 (Mo.App. 1981).

In his first point Simmons contends that the trial court erred in finding that the trustee complied with section 443.325.3(3), RSMo 1978, which requires individual notice of a foreclosure sale to be sent to the mortgagor in the deed of trust by certified or registered mail, with postage prepaid.

■ The primary evidence of compliance with the notice provisions of section 443.-325.3 was in the form of two envelopes enclosing the notice of the sale. Each envelope was addressed to Simmons, one to his Hannibal address[2] and the other to his Maryland Heights, St. Louis County address. Simmons had corresponded with the trustee from each address. Each envelope contained the same amount of postage with a certified mail label affixed. The St. Louis County addressed envelope, to which no challenge is made as being the proper address for notice, had been stamped with a notation of 25 cents postage due. But that notation had been cancelled out and a 25 cent stamp added. The envelope also had a claim check affixed clearly indicating that on February 28, 1979 and March 9, 1979 the Post Office had given notice to the addressee of the certified letter. When the letter remained unclaimed by Simmons after the notices, it was ultimately returned to the trustee. The evidence amply supports the trial court's conclusion that foreclosure notice was given, showing compliance with the requirement of section 443.325.3(4) that the "envelope has been delivered by the sender to the United States Post Office."[3]

1. Assuming Simmons had made eighteen $200 payments, the trustee computed the principal balance due on the note to equal $863.58, interest to equal $98.14, and the costs of publication of the aborted foreclosure to be $18.00. Simmons owed, therefore a total of $979.72, less the $604.80 paid, or $374.92.

2. The Hannibal addressed envelope was marked to return to sender as not being deliverable as addressed.

3. Simmons apparently treated notice of the 1978 foreclosure proceedings in a similar manner. The envelope containing notice of that foreclosure was sent by certified mail from the trustee to Simmons at his St. Louis County

Simmons asserts next that the trial court erred in refusing to set aside the foreclosure sale as unfair on the basis that the sale price was grossly inadequate and unconscionable and the trustee showed partiality toward Mrs. Mueller, the mortgagee. The act allegedly indicating trustee partiality or abuse of discretion was his failure to reform the deed of trust upon discovering that it incorrectly provided for a foreclosure sale, if necessary, in Hannibal, Missouri, *Monroe* County, instead of in Hannibal, Missouri, *Marion* County, where the property is located.

■ It has long been established that inadequacy of consideration alone will not justify setting aside a foreclosure sale that was fairly and lawfully conducted, without fraud or partiality and with full opportunity for competitive bidding. *Farris v. Hendrichs*, 413 S.W.2d 185, 190 (Mo.1967); *Trotter v. Carter*, 353 Mo. 708, 183 S.W.2d 898, 902 (1944); *Carondelet Savings & Loan Association v. Boyer*, 595 S.W.2d 744, 747 (Mo. App.1980).

■ We find no evidence of unfairness, fraud or partiality associated with this foreclosure sale, which, combined with the sale price, would justify abrogating the sale. Nor do we regard the consideration to be so grossly inadequate as to compel us to set aside the sale on that ground alone.

The errors in the deed of trust, providing for a foreclosure sale in the event of default in Hannibal, Monroe County, are patent—there is no city of Hannibal in Monroe County, Missouri. Elsewhere in the deed of trust the property is correctly described as situated in Marion County. We find the meaning obvious in the deed of trust as to the site of any foreclosure sale—Hannibal, Marion County, Missouri—and our construction of the instrument cures the error. *Fancher v. Prock*, 337 Mo. 1119, 88 S.W.2d 179, 181–82 (1935). Further, the notices published in a Hannibal newspaper and sent to Simmons by certified mail correctly announce the foreclosure sale to occur in Hannibal, Marion County, Missouri, the proper site for the sale and the place where it finally did take place. § 443.310, RSMo 1978. The errors in the deed of trust and the trustee's failure to correct them did not maculate the foreclosure sale with unfairness or partiality.

The trial court's refusal to set aside the sale on the basis of the purchase price, coupled with mistakes in the deed of trust, was not error.

Simmons was given ample opportunity but failed to meet his burden of proving past payments, to pay delinquent installments and to prevent foreclosure. Foreclosure in this instance was not erroneous. *Farris v. Hendrichs*, 413 S.W.2d at 189–90.

Judgment affirmed.

STEPHAN and SIMON, JJ., concur.

address. A claim check sticker on the envelope indicates that the Post Office notified Simmons three times of his certified mail before returning it to the sender, unclaimed. Simmons conceded on cross-examination that this transpired:

> Q [By Mrs. Mueller's counsel]. And at that time [of the 1978 foreclosure] the Plaintiff mailed to you by certified mail a notice addressed to you at 2382 Charlemagne, Maryland Heights, Missouri, and you were notified on July 6, the second notice on July 14, and the third notice on July 20 and returned on July 22, and these were received at Hazelwood [Post Office] on July 6 and returned on August 2, is that correct?
>
> A [Simmons]. If you say so.
>
> \* \* \* \* \* \*
>
> Q You didn't claim the certified mail at that time, did you?
>
> A No, sir. I don't think so.