Marion E. MORGAN and Emma B. Morgan, his wife, and Earl W. Morgan and Hyo Chong Morgan, his wife, Plaintiffs-Respondents,

v.

Gertrude R. BRYANT and Robert Stemmons, trustee, Defendants-Appellants.

No. 13402.

Missouri Court of Appeals, Southern District, Division Two.

July 2, 1984.

Joseph D. Woodcock, Aurora, for plaintiffs-respondents.

Robert Stemmons, Mount Vernon, for defendants-appellants.

PREWITT, Judge.

Plaintiffs sought to enjoin defendants from proceeding with the foreclosure of a deed of trust. The trial court entered such an injunction and defendants appeal.

Plaintiffs own 40 acres in Lawrence County, Missouri. Defendant Bryant holds a note, the payment of which is secured by a deed of trust on the property. Defendant Stemmons is the trustee named in the deed of trust. The deed of trust is dated May 11, 1979, as is the acknowledgment of plaintiffs Marion E. Morgan and Emma B. Morgan in Lawrence County. The acknowledgment of plaintiff Earl W. Morgan, the son of plaintiffs Marion E. Morgan and Emma B. Morgan, and plaintiff Hyo Chong Morgan, his wife, made in the state of California is dated March 13, 1979. The note is dated "March , 1979".

The note provides for payment of $2,000 principal "payable annually, first payment due one year from date hereof, plus interest at the rate of 9.5% per annum, payable annually on the unpaid balance of principal, until principal and interest are fully paid". Principal and interest were paid in 1980 and 1981.

Plaintiffs Marion E. Morgan and Emma B. Morgan testified that on May 21, 1982 they went to defendant Bryant's home and told her that due to illness to Marion E. Morgan they were not able to make the principal payment. They testified that they gave her a check for $1,520 for inter-

est and said they would pay the principal due as soon as they could. They said that defendant Bryant asked "Why don't you take this check back and borrow the whole amount?" Marion E. Morgan said he replied that he did not want to take the check back and would pay the principal due just as soon as he "could get everything settled up". He said defendant Bryant's only response was "Well." He said the subject of their conversation was then changed.

After the check was given to defendant Bryant, Marion and Emma Morgan said she laid it on "the TV tray" and it was still there when they left her residence. The check was never cashed. On November 27, 1982, defendants Marion E. Morgan and Emma B. Morgan stopped payment on it and mailed a cashier's check for $2,000 to defendant Bryant.

On October 18, 1982, Earl W. Morgan and Hyo Chong Morgan filed a petition in bankruptcy. On October 20, 1982, the bankruptcy court entered an order staying any foreclosures on property that the petitioners had an interest in. On February 17, 1983, the stay was "lifted and the plaintiff [defendant Bryant] is authorized to proceed with non-judicial foreclosure".

By letter dated February 24, 1983, defendant Stemmons, defendant Bryant's attorney, returned the cashier's check to Marion E. Morgan and notified him that Bryant "has heretofore declared the entire unpaid balance of said note due and payable and has instructed me to commence foreclosure proceedings on said deed of trust as trustee named therein." No prior request for any payment had been made. Publication of the notice of trustee sale commenced on March 17, 1983. Plaintiffs contended that in March and April of 1983 they offered to pay the entire balance of principal and interest due on the note but defendant Bryant refused to accept it unless she also received a 10% attorney's fee.

Plaintiffs do not claim there was consideration for any extension of time to make the payments, but its absence does not always give a holder an unrestricted right to accelerate. There was evidence that plaintiffs could have been induced to be-

lieve that the method of payment they had proposed would not result in a foreclosure. Such an understanding, if it was a reasonable belief caused by defendant Bryant's actions, could constitute a waiver or estoppel against her to invoke the acceleration clause until after plaintiffs received notice and a reasonable time in which to make the delinquent payments. See *Edwards v. Smith*, 322 S.W.2d 770, 776 (Mo.1959).

■ Where the holder of a note induces the debtor, by words or conduct, to believe that a method of payment proposed would not result in foreclosure, the holder cannot invoke the acceleration clause until after the debtor has been given reasonable notice and a reasonable time in which to make the delinquent payments. Id.

■ There was a three month or longer delay in a prior payment and an inference can be drawn from the testimony regarding the conversations of Marion E. Morgan and Emma B. Morgan with Gertrude R. Bryant, and her actions thereafter, that Bryant was agreeable to the delay. She did not say they could not have more time and gave no contrary indication for a considerable time.

Based on this the finder of fact could determine that the note could not be accelerated without first giving notice to plaintiffs that the holder intended to insist upon the payments being made in accordance with the terms of the note and giving plaintiffs a reasonable opportunity to make the delinquent payments. No such notice was given and payment of the full balance was sought.

Appellants and respondents have each filed motions seeking to supplement the record on appeal. These motions were taken with the case. The basis of our disposition makes the matters which they seek to add to the record immaterial. The motions are therefore denied.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.