785 F.Supp. 116 (1992)
Robert KURTZ, Plaintiff,
v.
RIPLEY COUNTY STATE BANK, L. Dwayne Hackworth, and Michael R. Johnson, Defendants.
No. S90-0129C.
United States District Court, E.D. Missouri, Southeastern Division.
February 3, 1992.
Robert Kurtz, pro se.
John L. Oliver, Jr. and James F. Waltz, Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, Mo., for defendants Hackworth, Ripley County State Bank and Johnson.

MEMORANDUM
LIMBAUGH, District Judge.
Pro se plaintiff has filed a multi-count complaint alleging that the foreclosure sale of his property was defective because notice of the sale was not received by him and that the sale price of the property was inadequate. Plaintiff's previous § 1983 and § 1985 claims were dismissed by the Court on January 7, 1991. Defendants have filed a motion for summary judgment contending that the foreclosure sale was proper in all respects, pursuant to § 443.325 RSMo.1986, and that the sale price was adequate under the circumstances.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary *117 judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.
On June 10, 1988 plaintiff and defendant Ripley County State Bank (Bank) executed a deed of trust for the property in question. Plaintiff was purchasing the property for $60,000.00 and the deed of trust was executed as collateral for a $45,000.00 loan. The deed of trust named defendant L. Dwayne Hackworth as trustee. Plaintiff's loan application listed "1901 Kennedy Blvd., Apt. 101, North Bergen, New Jersey 07047" as plaintiff's residential address. The deed of trust stipulated that the note was "payable on demand, or if no demand be made, in 36 payments of $1446.75 beginning June 10, 1988 and payable on the same day each month until paid in full."
Plaintiff failed to make his June 10, 1989 on time. By letter dated July 20, 1989, Barbara Mohrman, defendant Bank's loan teller, acknowledges receipt of a late payment and recites a new principal loan balance of $30,361.70. This letter was sent to the address listed by plaintiff on his loan application. Plaintiff received this letter. For reasons unknown, a delinquency notice and letter from Robert D. Brooks (then President of defendant Bank), dated August 9 and 10, 1989, were sent to plaintiff. These documents concerned the mistaken non-payment of the June 10, 1989 payment. These documents were sent by certified mail to plaintiff at the address listed on his loan application. Plaintiff did receive these documents. The mistaken delinquency must have been corrected because no further action was taken (as regards the June 10th payment).
In November of 1989, plaintiff was again in default for non-payment. Defendant Bank sent a notice of default and foreclosure to plaintiff, by certified mail, to the address previously used in July and August, 1989. The notices were sent back to the Bank with the envelope marked "Forwarding Expired". Meanwhile notice of the foreclosure sale was published at least four times in the PROSPECT NEWS, a weekly newspaper published and circulated in Ripley County, Missouri. The foreclosure sale was set for December 16, 1989 on the front steps of the courthouse in Doniphan, Missouri.
On December 16, 1989 defendant Hackworth appeared at the courthouse to take cash bids on plaintiff's property. Only two bidders were present: Robert Brooks, on behalf of the Bank and defendant Michael Johnson, on behalf of himself and his wife, Geneva Johnson. Defendant Johnson was the highest cash bidder and bought the property for $33,900.00.
Defendants contend that summary judgment is proper because there are no disputed material issues of fact as regards the foreclosure sale. Specifically, they argue that the notice and sale were carried out pursuant to the provisions of Chapter *118 443 RSMo.1986 and that even if the sale price was inadequate (which defendants adamantly contend it was not), inadequacy alone is insufficient to set aside the sale. Plaintiff contends that he never received the second delinquency notice because it was sent to the wrong address and that the value of the property, at the time of the sale, was in excess of $100,000.00.
Chapter 443 RSMo.1986 covers mortgages and deeds of trust. Section 443.325.3 requires a foreclosing mortgagee or trustee to send notice to the mortgagor, via certified or registered mail, of the foreclosure sale at least twenty (20) days prior to the sale. Furthermore, said notice must be sent to the mortgagor at the "foreclosing mortgagee's last known address for said mortgagor or grantor." § 443.325.3(3) RSMo.1986. Actual receipt by the addressee of the envelope, as referred to in § 443.325.3(3), is not necessary to establish compliance with the notice provisions of Chapter 443. § 443.325.3(4) RSMo.1986. Proof of compliance is established merely by recording the receipt issued by the United States Post Office for certified or registered mail as regards the envelope delivered by the sender to the United States Post Office. § 443.325.3(4) RSMo.1986. Missouri caselaw clearly demonstrates that foreclosure notice is given, even though the mortgagee did not actually receive the notice, as long as proof exists pursuant to § 443.325.3(4) that the "... envelope has been delivered by the sender to the United States Post Office ...". Mueller v. Simmons, 634 S.W.2d. 533 (Mo.App.1982).
Defendants have provided the affidavits of Robert Brooks, Dwayne Hackworth, and Brenda Pugg (cashier of defendant Bank) all attesting that the notice of default and foreclosure were sent to the plaintiff, by certified mail, at least twenty (20) days before the sale. They all attest to the fact that the foreclosure notice was sent to the last known address for plaintiff, as listed on his loan application and used previously in July and August, 1989. The attached exhibits (to each of the affidavits) clearly shows receipts for certified mail, sent by the Bank to plaintiff's address at 1901 Kennedy Blvd, and a return receipt signed by the plaintiff, on August 17, 1989, for certified mail received from the Bank. The exhibits also show an envelope, sent by certified mail on November 17, 1989, as returned to the Bank marked "Forwarding Expired".
Plaintiff Kurtz provides no evidence to contradict the affidavits or exhibits submitted by the defendants. He simply argues that the Bank should have known that he had a new address because it was on the late June 1989 payment. He further argues that the incompetency of Bank personnel and the United States Post Office are at fault for not correctly forwarding his mail. Plaintiff's arguments are meritless. Plaintiff admits that he is constantly moving and always has trouble receiving his mail. See, letter dated August 8, 1991 from plaintiff to this Court. The burden is not on the Bank to keep track of plaintiff's everchanging address. All the Bank was required to do was send him notice of the foreclosure sale, via certified or registered mail, at least 20 days prior to the sale, to his last known address according to their records, in order to comply with the notice provisions of Chapter 443. The Bank did all this. The Court finds that notice of the foreclosure sale was properly given pursuant to § 443.325.3 et seq.
Plaintiff next contends that the foreclosure sale was defective because he opines that the sale price was inadequate. In order to set aside a foreclosure sale, something more than just inadequacy of sale price must be shown. Mueller, at 536. There must be substantial evidence of irregularities concerning the sale, for example, the sale was held at an unusual hour, the trustee abused his discretion in exercising his power of sale, or there was unfairness or partiality in the conduct of the sale, and that the complaining party was harmed as a result of the irregularity. Boatmen's Bank v. Community Interiors, Inc., 721 S.W.2d. 72, 78 (Mo.App.1986) citing West v. Axtell, 322 Mo. 401, 17 S.W.2d. 328, 335 (1929). If a sale is "fairly and lawfully conducted, without fraud and partiality and with full opportunity for competitive bidding", then an inadequate sale price alone will not justify setting aside a foreclosure *119 sale. Boatmen's Bank, at 78; Mueller, at 536. Defendants' submitted affidavit of Chester L. Ponder (Editor and Publisher of the PROSPECT NEWS) shows that the published notice was in full compliance with § 443.320. By affidavit, defendant Johnson attests to the facts that he has no relationship with defendant Hackworth or the Bank, that he had no agreement with anyone (prior to the foreclosure sale) regarding his purchase of the property in question, and that his appearance at the foreclosure sale was in response to the notice of foreclosure he saw in the PROSPECT NEWS. Plaintiff provides no evidence whatsoever to contradict the affidavit testimony or to support any allegations of other irregularities of the sale besides the alleged inadequacy of price. Based upon the plaintiff's original purchase price of $60,000.00 and the balance due and owing at the time of foreclosure of approximately $31,000.00 plus interest, the foreclosure purchase price of approximately $33,000.00 is not grossly inadequate. Even if it were, there were no other irregularities with the sale, therefore the sale price alone would not justify setting aside the foreclosure sale.
As a final note, the plaintiff makes repeated assertions that defendants must prove that they have abided by all applicable federal laws; although plaintiff fails to state which federal laws he is referring to. This argument, too, is without merit.
The Court has reviewed the pleadings and affidavits submitted by the parties and finds that the defendants have met their original burden to demonstrate that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller, 368 U.S. at 467, 82 S.Ct. at 488. The plaintiff, as the nonmoving party, has failed to set forth any specific facts or affirmative evidence which shows that there is a genuine dispute as to the notice of the foreclosure sale or the conduct of the foreclosure sale. Therefore, the Court grants the defendants' motion for summary judgment.