**Pete C. ZDAZINSKY and Margaret Ann Zdazinsky, Plaintiffs–Appellants,**

v.

**FOUR SEASONS LAKESITES, INC., Defendant–Respondent.**

No. 19731.

Missouri Court of Appeals,
Southern District,
Division Two.

May 2, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 22, 1995.

Application to Transfer Denied
July 25, 1995.

Gene A. Hilton, Camdenton, for appellant.

Dempster K. Holland, St. Louis, for respondent.

PREWITT, Judge.

Plaintiffs sought damages for wrongful foreclosure of a deed of trust. Following non-jury trial, judgment was entered in favor of Defendant. Plaintiffs appeal. Review is under Rule 73.01(c). For that rule's interpretation, see *Enderle v. Robert,* 863 S.W.2d 692, 693 (Mo.App.1993).

Plaintiffs purchased a lot from Defendant on June 2, 1977, for $7,500.00. As a part of the transaction they executed a promissory note to Defendant and a deed of trust to secure payment of the note. In 1980, Plaintiffs listed the lot for sale with Four Seasons Realty, a subsidiary of Defendant. Appar-

ently there was no interest in the lot and in 1981 Appellants complained that sale of it was not occurring with the ease they had been led to believe when they bought the lot.

In December, 1981, Plaintiffs sent a letter to Defendant detailing their complaints and enclosed a second listing agreement with Four Seasons Realty. Defendant responded with a letter dated February 16, 1982, from its chief operating officer granting Plaintiffs "a special privilege in suspending your payments with the understanding that you will bring your account up-to-date once the sale of your property is imminent." After receiving the letter Plaintiffs made no further payments on the note. The lot continued to be listed for sale with Four Seasons Realty until February, 1984.

In October, 1982, Plaintiffs received notice of a trustee sale of the lot and contacted the chief operating officer who had written the February 16, 1982 letter. Thereafter, the Plaintiffs were notified that the foreclosure proceedings had been stopped pursuant to the correspondence of February 16, 1982.

On February 24, 1986, Defendant sent Plaintiffs a letter notifying them that due to their "delinquency" there was "one of three courses." They could bring their payments "up to date"; deed the lot to Defendant; or it would foreclose. The letter was sent to Plaintiffs' last address known to Defendant. In 1985 Plaintiffs had moved without notifying Defendant of their new address. Defendant's attorney later sent a formal notice of foreclosure to each Plaintiff at their previous address. None of the documents were received by Plaintiffs. On September 29, 1986, a foreclosure sale was held and the property sold to Defendant.

Plaintiffs, contending that there has been a wrongful foreclosure, can bring "suit in equity to set aside the sale, or, let the sale stand and sue at law for damages." *Edwards v. Smith,* 322 S.W.2d 770, 776 (Mo. 1959). *See also Spires v. Lawless,* 493 S.W.2d 65, 71 (Mo.App.1973). Plaintiffs elected the latter.

Plaintiffs present two points relied on. By their first point, Plaintiffs assert that the trial court erred in determining that there

was no consideration for an agreement to suspend payments on the note which was secured by the deed of trust. They say there was consideration because "Plaintiffs had a valid cause of action against Defendant based upon fraudulent misrepresentations which induced them to buy the lot, and they did not pursue that action in reliance on Defendant's agreement to suspend payments on the note." They also contend they were not precluded from relying upon those representations by the language in the agreement under which they purchased the lot.

■ Defendant states that Plaintiffs never had a basis for a suit against them; that they could not rely upon the claimed representations; and, had no valid cause of action against it. It was not necessary that Plaintiff establish a claim that would have been successful. The compromise of a doubtful claim is sufficient consideration to support a contract. *Elmore v. Wal–Mart Stores, Inc.*, 812 S.W.2d 178, 182 (Mo.App. 1991).

■ However, the Plaintiffs did not prove that there was any agreement not to bring their claim. It is not referred to in any of the documents in evidence and the trial judge was justified in finding that this was not a part of the discussions. Consideration was not shown. Point I has no merit.

For their second point, the Plaintiffs contend that the

> ... trial court erred in finding that Defendant's unsuccessful attempt to give notice to Plaintiffs at their last known address of its intent to accelerate the note was sufficient, because it erroneously declares the law, in that Defendant lulled the Plaintiffs into a sense of security in relying upon the agreement to suspend payments and therefore waived its right to foreclose without giving reasonable and actual notice to Plaintiffs.

■ Although Plaintiffs no longer lived at the address to which the notice was sent, that was the last address of Plaintiffs known

to Defendant. As such, the notice, if sent certified or registered, was sufficient notice of foreclosure under Section 443.325.3 RSMo 1986. *Mueller v. Simmons*, 634 S.W.2d 533, 535 (Mo.App.1982). *See also Kurtz v. Ripley County State Bank*, 785 F.Supp. 116 (E.D.Mo.), *aff'd.* 972 F.2d 354 (8th Cir.1992).[1]

Plaintiffs, however, do not claim that notice under § 443.325.3 was insufficient. They contend that:

> Before defendant could initiate foreclosure proceedings, it was required to give plaintiffs notice that it was no longer going to honor the agreement to suspend payments. Plaintiffs had to "receive" this notice and had to have "actual" notice. This notice had to be given before defendant accelerated the balance due on the note, and had to give plaintiffs reasonable time in which to bring the delinquent payments current.

Although the trial court found differently, we conclude that there is no serious dispute in the evidence but that Plaintiffs were "lulled" into believing that there would not be a foreclosure on the lot due to the suspension of their payments. Defendant contends that there was a requirement that the property be listed for sale. Such a requirement does not appear in the documents or in the evidence except for a statement from one of Defendant's employees to the other, which was put in evidence but not for the truth of the statement.

The letter from Defendant's chief operating officer expressly stated that payments would be suspended. When a prior foreclosure was started Plaintiffs called attention to that letter and the foreclosure was stopped. Perhaps Plaintiffs should have kept Defendant notified as to their address, but there was no agreement requiring them to do so. Upon the return of the letters or notices to Defendant, they could have learned of Plaintiffs' new address, either through the county collector's office or by other means.[2]

---

1. The content of the notice and whether it was sent certified or registered are not issues here.

2. Usually no further attempt to notify Plaintiffs would have been necessary, as the foreclosure appears to have been properly handled under ordinary circumstances. Apparently the attorney handling it was not aware of the February 16, 1982 letter.

When the owner of a property subject to a deed of trust has been lulled into a belief that payments are not required to prevent a foreclosure, or that payments may be made in a manner different than that stated in the note or deed of trust, then before foreclosure may be properly held, actual notice of the proposed foreclosure must be given to the owners. *Shumate v. Hoefner*, 147 S.W.2d 640, 642 (Mo.1941). Other cases which support this general principle, but do not expressly state the type of notice necessary include *Edwards, supra; Miles Homes Div. of Insilco Corp. v. First State Bank of Joplin*, 782 S.W.2d 798 (Mo.App.1990); and *Morgan v. Bryant*, 673 S.W.2d 129, 130 (Mo.App. 1984) (where debtor induced to believe that a method of payment would not result in foreclosure, holder must give reasonable notice and reasonable time to make the delinquent payments before foreclosure).

In the sense used in *Shumate*, "actual notice" is defined "as notice expressly and actually given, and brought home to the party directly." BLACK'S LAW DICTIONARY 1061 (6th ed. 1990). *See also Barrickman v. Nat'l. Utilities Co.*, 191 S.W.2d 265, 269 (Mo. App.1945). There is no contention or indication that any form of "actual notice" was ever received by Plaintiffs. The foreclosure should not have proceeded absent actual notice. Plaintiffs' second point has merit and requires that the judgment in favor of Defendant be reversed.

The judgment is reversed and the cause remanded with directions that the court enter judgment in favor of the Plaintiffs and against Defendant for such amount as it finds to be Plaintiffs' damages. The trial court, in its discretion, may proceed upon the previous evidence or allow the parties to introduce additional evidence as the trial court deems proper.

GARRISON, P.J., and CROW, J., concur.