**In re Lisa Helen HOFFMAN, Debtor.**

**Lisa Helen Hoffman, Plaintiff,**

**v.**

**Ameriquest Mortgage Company, Defendant.**

**Bankruptcy No. 02–40403–13. Adversary No. 02–4063.**

United States Bankruptcy Court, W.D. Missouri, Western Division.

June 11, 2002.

Susan Bratcher, Gladstone, MO, for plaintiff.

Michael D. Doering, Kansas City, MO, for defendant.

### MEMORANDUM OPINION AND ORDER

JERRY W. VENTERS, Bankruptcy Judge.

This Adversary Proceeding comes before the Court on the Plaintiff's Complaint to Set Aside Foreclosure filed on April 1, 2002. The Debtor, Lisa Helen Hoffman ("Debtor" or "Hoffman"), brought this Adversary Proceeding seeking to set aside a foreclosure sale conducted by Ameriquest Mortgage Company ("Ameriquest") on November 9, 2001. A trial on this matter was held on June 5, 2002, at which time the Court took the matter under advisement. After reviewing the exhibits, the evidence adduced at trial, and relevant caselaw, the Court is now ready to rule.

For the reasons set out below, the Court will deny the Plaintiff's request to set aside the foreclosure sale because the Court finds ample evidence that Ameriquest substantially complied with the statutory requirements for notice pursuant to Mo. Rev. Stat. § 443.325.3.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § § 1334(b) and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E), and venue is proper pursuant to 28 U.S.C. § 1409. This Memorandum Opinion and Order constitutes the Court's Findings of Fact and

Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FACTUAL BACKGROUND

The dispute in this Adversary Proceeding involves the use—or misuse—of a single letter in the Debtor's address.

In October 1998, Hoffman and a man named John Lawrence Hightower ("Hightower") executed a Deed of Trust (Def.Ex. 1) in favor of Ameriquest, granting Ameriquest a lien on certain property in that portion of Kansas City, Missouri, that lies in Clay County, Missouri. There is no dispute that the Deed of Trust sets out a correct legal description for the property. However, both the Deed of Trust and an Adjustable Rate Rider executed by Hoffman and Hightower on October 27, 1998, incorrectly state in prominent capital letters that the address of the property was, and is, "3620 N LESTER DR, KANSAS CITY, MO 64117" (sic). In fact, the correct street address for the property was, and is, 3620 North Lister Drive, spelled with an "i" instead of an "e." The correct zip code is 64117.

Hoffman ceased making her mortgage payments to Ameriquest on the property after January 2001. The file apparently was forwarded by Ameriquest to Michael D. Doering, an attorney with Doering & Associates, a Kansas City law firm, for the purpose of effecting a foreclosure of the property. On April 12, 2001, Doering started the foreclosure process by sending a Fair Debt Collection Practices Act letter to Hoffman at 3620 N. Lester Avenue (sic) in zip code 64117. Although the street name was misspelled, the letter was never

returned to Doering's office as undeliverable. At the same time, a similar letter addressed to Hightower at the same address *was* returned to Doering's office with a notation by the Postal Service that the forwarding order for Hightower's mail at that address had expired. (Def.Ex. 3)

Doering received no response to his April 12, 2001, letter, and on October 19, 2001, he mailed separate letters and copies of a Notice of Trustee's Sale (Def.Ex. 5) by certified mail, return receipt requested, to Hoffman and Hightower at 3620 N. Lester Avenue, rather than 3620 N. Lister Avenue. According to the testimony of David Stagg, the letter carrier who has for the last four years worked the mail route that includes 3620 N. Lister Avenue, notices were delivered to Hoffman's mail box on October 20, 2001, and on October 26, 2001, notifying her that there was a certified letter at the postal facility for her to claim and sign for. However, the certified letter was never claimed, and it was returned to Doering's office as unclaimed on November 4, 2001. (Def.Ex. 6) [1]

Pursuant to the Notice of Trustee's Sale, Doering conducted a foreclosure sale of the property described in the Deed of Trust on November 9, 2001. That same day, Doering executed a Trustee's Deed conveying the property to Ameriquest based on its highest and best bid of $80,000.00 for the property.[2] When Hoffman failed to vacate the property, Ameriquest, acting through Doering as its attorney, filed an unlawful detainer action against Hightower and Hoffman in the Clay County Circuit Court. Once again, Doering incorrectly listed the residence

---

1. There was no testimony as to what happened with the certified mail addressed to Hightower on this occasion, and that is not relevant in any event. Hightower is not a debtor before this Court and he is not a party to this proceeding.

2. Doering & Associates was appointed Successor Trustee under the Deed of Trust by a document recorded on October 16, 2001. That appointment has not been challenged.

address as 3620 N. Lester Drive, and the clerk of the circuit court mailed notices by certified mail to Hightower and Hoffman at that address. Once again, the letter to Hightower was returned because the forwarding order had expired,[3] and the letter to Hoffman went unclaimed, although notices were left in her mail box on two separate occasions. (Def.Ex. 8)

After a judgment in unlawful detainer was entered against Hoffman (and Hightower) on December 26, 2001, the Clay County Sheriff went to the residence and posted a notice of the eviction proceedings on the door on January 3, 2002. According to Hoffman, this was the first inkling she had that the property had been foreclosed upon. She promptly contacted her attorney, Susan Bratcher, and filed a Chapter 13 petition on January 24, 2002. This Adversary Proceeding followed on April 1, 2002.

Apparently in anticipation of this hearing, a paralegal for Doering & Associates submitted an inquiry on the U.S. Postal Service's Web site requesting the zip code for "3620 N. Lester." The response received by the paralegal indicated that, according to the Postal Service, the "standardized address" for 3620 N. Lester is "3620 N. Lister Ave." and the zip code is 64117, the same zip code that was used by Doering on all of the mailings to the Debtor. (Def.Ex. 9) Stagg, the letter carrier, testified that there is no Lester Drive, to his knowledge, on his route or in zip code 64117. Stagg stated that he had delivered several of the letters and notices to Hoffman and Hightower at 3620 N. Lister Avenue even though the street name was spelled "Lester;" he commented, "It's just misspelled."[4] Stagg further testified that, even if a street name is misspelled, the postal clerks know the streets and will sort the mail to the correct addresses. Finally, Stagg stated that ordinarily Hoffman's mail was picked up from her mail box only every two weeks or so.

Although Hoffman had the burden of proof in this proceeding, she offered little evidence in support of her contention that the foreclosure sale should be set aside, other than simply stating that she did not actually receive the Notice of Trustee's Sale from Doering's office. She offered into evidence a certified copy of the Trustee's Deed (Pl.Ex. A) executed by Doering on November 9, 2001, after the foreclosure sale, in which the address was incorrectly shown as 3620 N. Lester Drive. This was consistent with the Deed of Trust which Hoffman had singed in 1998. She also offered into evidence a copy of her 2000 mortgage interest statement from Ameriquest (Pl.Ex. B); this statement was addressed to Hightower and Hoffman at 3620 N. Lister Avenue, but in the body of the statement indicated that the property address was 3620 N. Lester Drive. Hoffman testified that she had had conversations with Ameriquest about the incorrect spelling of Lister Drive (or Avenue), but the testimony went no further than that.

## DISCUSSION

■ Section 443.325.3 of the Missouri Revised Statutes pertaining to notices un-

3. The letter carrier, Stagg, estimated that Hightower had moved from the 3620 N. Lister address approximately two years ago.

4. Hoffman testified that North Lister is a "Drive" because that is the name that appears on the street sign at the end of the block. The zip code inquiry (Def.Ex. 9) made by Doer-

ing's paralegal indicates that the Postal Service's identification is "Avenue." Stagg, who delivers the mail to the houses on the street, said it makes no difference what the street is called. The Court agrees with Stagg; the difference is of no significance.

der a nonjudicial foreclosure sale states as follows:

3. In the event of foreclosure under a power of sale, the foreclosing mortgagee or trustee shall, not less than twenty days prior to the scheduled date of the sale, cause to be deposited in the United States mail an envelope certified or registered, and with postage prepaid, enclosing a notice containing the information required in the published notice of sale referred to in section 443.320, addressed

(1) To each person whose name and address is set forth in any such request recorded at least forty days prior to the scheduled date of sale; and

(2) To the person shown by the records in the office of the recorder of deeds to be the owner of the property as of forty days prior to the scheduled date of foreclosure sale at the foreclosing mortgagee's last known address for said record owner; and

(3) To the mortgagor or grantor named in the deed of trust or mortgage at the foreclosing mortgagee's last known address for said mortgagor or grantor.

(4) Actual receipt by the addressee of the envelope referred to above shall not be necessary to establish compliance with the notice requirements of subsection 3 hereof. Recording of receipt issued by the United States Post Office for certified or registered mail to evidence that said envelope has been delivered by the sender to the United States Post Office shall constitute proof of compliance with notice requirements of subsection 3 hereof.

\* \* \* \* \* \*

Mo. Rev. Stat. § 443.325.3.

 The statute plainly requires that notice of the foreclosure sale must be given twenty days prior to the scheduled date of the foreclosure sale. Missouri case law is clear that the aim and purpose of the statute is to require a good faith effort to notify the mortgagor of the foreclosure sale, so that she has an opportunity to defend the action. *IPI Liberty Village Assoc. v. Spalding Corners Assoc.*, 751 S.W.2d 120, 124 (Mo.App. W.D.1988); *see also Macon–Atlanta State Bank v. Gall*, 666 S.W.2d 934, 939 (Mo.App. W.D.1984). As enunciated in the statute in subsection 4, actual receipt of the foreclosure sale notice is not required. *Kurtz v. Ripley County State Bank*, 785 F.Supp. 116, 118 (E.D.Mo.1992) (statute does not require actual receipt of notice), aff'd, 972 F.2d 354 (8th Cir.1992)(unpublished table decision). *See also Mueller v. Simmons*, 634 S.W.2d 533 (Mo.App. E.D.1982). Adequate notice requires only that the "...envelope has been delivered by the sender to the United States Post Office..." Mo. Rev. Stat. § 443.325.3(4). A foreclosure sale can be set aside for substantial irregularities. *Kennon v. Camp*, 353 S.W.2d 693, 695 (Mo.1962).

As is evident from the Court's detailed recitation of the facts, the issue before the Court is whether the misspelling of the street name in this case constitutes a failure to provide adequate notice of the foreclosure sale that was conducted by Doering on November 9, 2001. While Ameriquest admits that the address was incorrect as to the spelling of the street name, the Court is convinced that the required Notice of Trustee's Sale was delivered to the correct postal facility, that the certified mail notices were delivered to the Debtor at her correct street address, and that the Debtor most likely received those notices and could have claimed the certified mail letter and Notice of Trustee's Sale if she had wished to do so.

The Debtor has put most of her eggs in the basket of an unpublished Order. entered by the Honorable Frank W. Koger of this District in *In re Farr,* Case No. 00–44661, on March 7, 2001. Her reliance on that Order is misplaced. In that case, the foreclosure sale notice was sent to 2841 Northeast Park Avenue, which was an actual address in Clay County with a different zip code than the correct address, 2841 Park Avenue, which was located in Jackson County. Apparently, the foreclosure sale notice was sent to an entirely different street than the correct street, and in an entirely different (and incorrect) zip code. For those reasons, and the further fact that the debtor was not aware of the foreclosure sale, Judge Koger correctly held that the sale was void and of no effect.

That is not the situation here. In this case, the only abnormality with the Debtor's address was that the street name was misspelled *Lester* instead of *Lister.* The zip code was correct, and there was no evidence to indicate that the mail was delivered to an incorrect address. In fact, the evidence was exactly to the contrary. The testimony of Stagg, the letter carrier, was most convincing. He has been delivering the mail to the Debtor since she moved into the home on North Lister in October 1998. Although he was on vacation the week the notice was sent, it was the policy and procedure of the Postal Service to sort and deliver the mail by zip code, and the zip code was correct in this instance. Stagg was familiar with Hoffman's name, which was spelled correctly on the certified mail, and testified that it was common practice to deliver the mail even if there was a mistake in the spelling of the street name. Stagg also testified that if the notice of certified mail was undeliverable because of an incorrect address, it would have been returned with a notation of "no such address" or "address unknown," but that did not occur in this case. Equally important, there is no street in Kansas City, Missouri, known as "N. Lester;" an inquiry to the Postal Service's Web site for 3620 N. Lester drew a response that the "standardized address" was 3620 N. Lister, in zip code 64117, the very same zip code that was used on all of Doering's mailings to Hoffman. Furthermore, Stagg testified that he did not know of the existence of a North Lester street (whether denominated "Drive," "Avenue," or anything else) in that zip code or on his route.

The Court is convinced that the certified mail sent on October 19, 2001, with the notice of the foreclosure sale was simply unclaimed by the Debtor. The fact that the certified letter was returned with the notation that it was unclaimed—as opposed to a notation that there was no such address or that the address was incorrect—indicates to the Court that it was sufficiently addressed to reach the Debtor and give her adequate notice of the foreclosure sale. At least one other letter that was sent by regular mail to Hoffman by Doering with the incorrectly spelled street name was not returned to Doering and was, therefore, apparently received by Hoffman. The evidence overwhelmingly demonstrates that the certified mail was at the post office where the Debtor receives or collects her mail. The Court firmly believes that the Debtor chose to ignore the certified mail notices, both from Doering and the Clay County Circuit Clerk's office, because she knew she was in default on her mortgage payments and likely suspected that the notices concerned that situation. The Debtor ignored the mail at her peril.

Furthermore, the Debtor knew, or certainly should have known of the misspelled street name from the outset. She signed the Deed of Trust and the Adjustable Rate Rider in October 1998, both of which indi-

cated—erroneously—that the property address was 3620 N. Lester instead of 3620 N. Lister. The Debtor testified that she knew Ameriquest was misspelling the street name and that she, in fact, contacted Ameriquest about it. Nonetheless, the Debtor did not testify that she ever failed to receive mail from Ameriquest addressed to her at 3620 N. Lester. It would be unjust and inequitable to now allow the Debtor to avoid the foreclosure sale on the basis of an inconsequential spelling error that she knew about from the beginning of her financial dealings with Ameriquest, particularly in view of the persuasive evidentiary showing that Ameriquest was in substantial compliance with the notice requirements of the statute.

Finally, the Debtor has not made or proven any allegations of bad faith on the part of Ameriquest in its conduct of the foreclosure sale.

For all of the foregoing reasons, the foreclosure sale will not be set aside because Hoffman failed to receive the foreclosure notice. *Woolsey v. Bank of Versailles*, 951 S.W.2d 662, 667 (Mo.App. W.D. 1997).

Therefore, it is

**ORDERED** that the Plaintiff, Lisa Helen Hoffman, be and is hereby DENIED relief to set aside the foreclosure sale conducted by Ameriquest on November 9, 2001. Ameriquest may, at its discretion, file an appropriate motion seeking relief from the automatic stay of 11 U.S.C. § 362 to proceed with enforcement of its judgment in unlawful detainer.